UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Criminal Action No. 3:20-cr-57-BJB |
| FREDERICK DOUGLAS EAVES, IV | ) |
| Defendant | ) |

### SENTENCING MEMORANDUM ON BEHALF OF FREDERICK EAVES
(*Filed Electronically*)

Comes now the Defendant, Frederick Douglas Eaves, IV, by and through counsel, and respectfully submits this sentencing memorandum in this action currently scheduled for a sentencing hearing on April 30, 2021. The Defendant has received and reviewed his Final Presentence Investigation Report (PSR). Having found no substantial errors with the PSR, Defendant has made no objections thereto. In addition, the Defendant will not call any witnesses at the hearing.

Defendant Eaves entered into a Plea Agreement with the government, in accordance with Fed. R. Crim. P. 11(c)(1)(B). Pursuant to Rule 11(c)(1)(B), the Defendant recognizes that the Court may accept his plea of guilty while departing from the terms of the Plea Agreement, including the factual stipulations for determining a sentence. Under the terms of the Plea Agreement, the United States has agreed to recommend a sentence of imprisonment at the low end of the applicable guidelines, being 18 months. Nevertheless, the defendant calls upon the Court to honor the recommendations set forth in the Plea Agreement which represent a "sufficient, but not greater than necessary" sentence, as is required by 18 U.S.C. 3553(a).

# BACKGROUND

Defendant Eaves agrees with the factual background and offense conduct as stipulated in his plea agreement. (DN 74 ¶ 3, Page ID #171.) Defendant respectfully requests that the Court's attention to "PART C. OFFENDER CHARACTERISTICS" set forth in the final PSR. (DN 88 PSR, ¶¶ 67 – 85, Page ID #301-305). Notably, the following:

- "[Defendant] has 3 children" all of which are minors. "The Defendant has joint custody of [the older two]." *Id.* ¶ 68. The third and youngest is in full custody of the defendant's mother "due to [the child's] mother's drug addiction." *Id.* Defendant advised the third "was born with cocaine and alcohol in her system and that he and his mother have had her since she was born." *Id.* ¶ 68.

- "[Defendant] reported experiencing a significant amount of trauma growing up stating he held friends as they were dying and lost most of best friends due to gun violence." *Id.* ¶ 67. "His parents divorced when the defendant was young after which his father was absent from his life due to his (his father's) drug addiction." *Id.*

- "Mr. Eaves does not have a high school diploma or GED." *Id.* ¶ 79. In elementary, "[Defendant] was evaluated at school and placed in a special education program for learning and behavior problems." *Id.* ¶ 74 "The Defendant was diagnosed with Attention Deficit Hyperactivity Disorder, Bipolar Disorder, and Depression in elementary school." *Id.* ¶ 71 "In middle school, his rebelliousness escalated to the point that his mother sought treatment at a local mental health center." *Id.* ¶ 74 According Defendant's mother, "at the age of 12 or 13, he began 'running the streets', smoking marijuana, and would not come home. His mother believes the defendant 'felt his family didn't care about him, but the streets loved him.'" *Id.* ¶ 75.

- "The defendant began selling marijuana as he got older and dropped out of school at 16 years old." *Id.* ¶ 75. "The defendant reported a substance abuse history consisting of marijuana, ecstasy, codeine syrup, and prescription opiate abuse." *Id.* ¶ 77. "He began abusing Lortab and Percocet in his early 20s when he was prescribed them after having dental work done. He became addicted to the medication and began buying them on the street once his prescription ran out. The defendant advised he used them daily (when he could afford them), sometimes up to 5 pills per day, until his arrest in this case." *Id.*

- "[Defendant] received Social Security Disability for his mental health issues until the age of 18." *Id.* ¶ 74. Defendant advised "he was on medication throughout his childhood but quit taking it when he was 18 years hold." *Id.* ¶ 71. "In 2002, his diagnosis changed to include significant symptoms of depression, oppositional defiance, and mood swings." *Id.* ¶ 74.

- The PSR sums up Licensed Psychologist, Wayne G. Herner's forensic psychological evaluation conducted on Defendant Eaves. The "evaluation determined the defendant was functioning within the borderline range of verbal intelligence, with specific weakness in logical thinking, verbal concept formation, and verbal reasoning. Persons with borderline intellectual functioning frequently struggle to succeed in school as children and maintain employment as adults. Adults may struggle in workplaces where they receive no accommodations for challenges in concentrating, following complex instructions, multi-tasking, and *exercising independent judgment*." *Id.* ¶ 76. (emphasis added). "The assessment indicated the defendant was stabbed by a group of men when was 20 years old and had been shot at numerous times and had shot at other people in the past." *Id.* ¶ 75. And "it was noted he began carrying a gun due to him being shot at frequently." *Id.*

"The psychologist's opinion was that Mr. Eaves' symptoms during childhood were consistent with Disruptive Mood Dysregulation Disorder. As adults, individuals with a history of such disorder are more likely to have adverse health outcomes, be impoverished, have reported police contact, and have low educational attainment compared to either psychiatric or control groups." *Id.*

- "The defendant has a negative net worth and zero monthly cash flow." *Id.* ¶ 85.
- "Defendant" suffered a fractured elbow during his arrest in this case." *Id.* ¶ 70.
- "The defendant has never participated in substance abuse treatment but would like to, stating he believes he could benefit from such." *Id.* ¶ 78.

## GUIDELINE LEVEL CALCULATION

Defendant Eaves agrees with the total Guideline Offense Level calculation of 13, as determined by the United States Probation Office (DN 88 PSR, ¶ 39, Page ID #293).

## CRIMINAL HISTORY

Defendant Eaves agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category III. (*Id.* at ¶ 59, Page ID# 299).

## SENTENCING RECOMENDATION

As noted above Defendant Eaves agrees with the United States Probation Office's final Presentence Investigation Report guideline calculations and believes that his total advisory Guideline Offense Level should be 13, with a Criminal History Category of III, which produces a sentencing range of 18 to 24 months. This Court must impose a sentence for Mr. Eaves which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

In pertinent part, 18 U.S.C.§ 3553 requires that the sentencing Court consider the following factors in determining an appropriate sentence:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed;
3. The kinds of sentences available;
4. The kind of sentence and the range established by the guidelines;
5. Any pertinent policy statements;
6. The need to avoid unwarranted sentencing disparity among defendants with similar records have been found guilty of similar conduct; and
7. The need for restitution.

As this Court is aware, this is a plea pursuant to Federal Criminal Rule 11(c)(1)(B). (DN 74). At sentencing, consistent with the plea agreement in which the United States agreed to recommend a sentence at the low end of the guidelines as calculated by the Court, the United States will recommend a sentence of 18 months. Further, the United States will recommend a 3-year term of supervised release, and request the Court to order forfeiture of the firearm and ammunition seized in this case, and the United States will request that the Defendant be ordered to pay restitution to the victim in the case, CVS Pharmacy, in the amount of $3,676.

Defendant Eaves asks the Court to consider all of the factors surrounding his offense and impose a reasonable sentence based upon the facts and circumstances of this case. The Guideline range is 18 to 24 months. To the extent that the guidelines are properly calculated they ignore important sentencing concerns to achieve a sentencing result that is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a). Defendant Eaves's

family ties, adverse childhood and trauma, and ongoing battle with addiction and mental health issues make a downward departure warranted. Although a few of these factors taken individually ordinarily are not relevant for downward departure, taken together they create an unusual case. The Guidelines themselves support this conclusion, stating in § 5K2.0(c) that "the court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure," if the totality of circumstances makes the case exceptional, each characteristic is present, and each characteristic is "a permissible ground for departure." Therefore, each of the offender characteristics may be considered as a whole in order to justify a downward departure from the applicable Guidelines range.

Pursuant to the Plea Agreement, Defendant Eaves calls upon the Court to honor the recommendations set forth in the Plea Agreement and consider the arguments made within this memorandum to permit a downward departure and/or variance from the Federal Sentencing Guidelines to dispense a sentence that is a "sufficient, but not greater than necessary" sentence, as is required by 18 U.S.C. 3553(a). After considering all the factors contained in 3553(a) the defendant submits that a sentence less than 18 months is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a).

## CONCLUSION

For the above stated reasons, Defendant Eaves, respectfully requests that the Court impose a sentence in accordance with the agreed upon Plea Agreement and impose a sentence that "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a).

Respectfully submitted,

/s/Jonathan S. Ricketts
RICKETTS LAW OFFICES, PLLC
4055 Shelbyville Rd.
Louisville, Kentucky 40207
Tel: (502) 896-2303
jricketts@rickettslawoffices.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 21st day of April, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Frank Dahl, Assistant U.S. Attorney.

/s/Jonathan S. Ricketts_____
Jonathan S. Ricketts